UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN MARIE,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC. et al.,<br><br>Defendants. | Case No.: 3:25-cv-03101-JAH-GC<br><br>**ORDER VACATING ORDER TO SHOW CAUSE**<br><br>**[ECF No. 5]** |

On January 6, 2026, the Court ordered Defendant Walmart, Inc. to show cause as to why this action should not be remanded back to state court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, for failure to plausibly allege damages exceeding the statutorily required amount of $75,000. ECF No. 5 ("OSC"). On January 13, 2026, Defendant timely filed its response to the OSC. ECF No. 6 ("Response"). Plaintiff did not file a Reply.

Where a complaint does not specify a precise amount of damages, a removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). A removing defendant is not required to prove the amount in controversy to a legal certainty and courts may rely on reasonable assumptions drawn from the allegations in a complaint to determine the amount in controversy. *See Ibarra v. Manheim Invs., Inc.*,

775 F.3d 1193, 1199 (9th Cir. 2015).

Defendant contends that although Plaintiff does not plead a specific dollar amount of damages in the Complaint, the four categories of damages alleged together—wage loss; hospital and medical expenses; general damages; and loss of earning capacity—lead to a reasonable inference that the amount in controversy places well in excess of $75,000. Resp. at 2. Specifically, as to Plaintiff's claims for hospital and medical expenses, Defendant argues that courts routinely recognize that "substantial past and/or future medical costs" can "reasonably exceed tens of thousands of dollars." *Id*. at 2. As to wage loss and loss of earning capacity, Defendant argues that such losses "are not limited to past lost wages and often represent[ ] a significant component of damages that may extend for years or decades into the future." *Id*. at 2. Finally, Defendant argues that Plaintiff's request for general damages "typically include[s] pain and suffering, emotional distress, and loss of enjoyment of life," which are "inherently substantial" often "equal or exceed claimed economic damages." *Id*. at 3.

Based on the parties' representations, and considering that there is no objection by Plaintiff contesting Defendant's amount-in-controversy assertions, the Court finds that Defendant has satisfied its burden to show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee*, 574 U.S. at 87 (explaining that "a defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff"). Accordingly, the Court **HEREBY ORDERS** the **OSC** is **VACATED**.

The case shall proceed according to a **Scheduling Order** to be issued by the **Honorable Magistrate Judge Guillermo Cabrera.**

IT IS SO ORDERED.

DATED: July 31, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE